CHANDLER, Admr., Plaintiff-Appellee, v. McWILSON, etc., Defendant-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23369. Decided June 22, 1955.

C. L. Sharpe, Cleveland, for plaintiff-appellee.
Alexander Martin, Cleveland, for defendant-appellants.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, MIDDLETON, J, of the Third District sitting by designation in the Eighth District.)

## OPINION

Per CURIAM:

This matter came into this Court originally on an appeal on questions of law from the overruling of a motion to vacate a judgment overruling a motion for a new trial and this Court then determined that the order from which the appeal was sought to be taken was not a final order. The attempted appeal was thereupon dismissed. Counsel for the appellant thereupon filed two motions in this case wherein he asks (a) a

diminution of the record by correcting the transcript for appeal and (b) an order vacating the dismissal of appeal.

We know that an order overruling a motion to vacate a judgment is a final order from which an appeal lies (**Byrkett v. Curtis, 94 Oh Ap 292**) but that is not the problem which was originally before this Court and it is not now the problem we have to consider.

The motion for a new trial herein was overruled on September 22, 1954; on October 21, 1954, the motion to vacate that order was filed and on November 3, 1954, such motion to vacate was overruled. It is from this order of November 3, 1954, that an appeal was sought to be taken, It is an attempt to circumvent the running of the time limit of the statute with respect to the proper filing of a notice of appeal from the judgment originally entered overruling the motion for a new trial. If a refusal to vacate an order denying a motion to vacate (for such was the effect of the motion for a new trial) is a final order, then there would never be an end to litigation and one could do by indirection that which he cannot do directly because of the expiration of the time within which an appeal can be taken.

The motions (a) in diminution of the record and (b) for an order vacating the dismissal of the appeal are denied.   Exceptions.

HUNSICKER, PJ, DOYLE, J, MIDDLETON, J, concur.